UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GARNER GROUP INTERNATIONAL, LLC, JAMES A. GARNER, DR. SALLY THOMPSON, and DR. ERVIN V. GRIFFIN, SR.,

                                 Plaintiffs,

-against-

THE ACADEMY CHARTER SCHOOL,
                                 Defendant.
------------------------------------------------------------------X

INDEX NO. _____

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

The Plaintiffs GARNER GROUP INTERNATIONAL, LLC, JAMES A. GARNER, DR. SALLY THOMPSON, and DR. ERVIN V. GRIFFIN, SR., by their attorneys, The Scher Law Firm, LLP, alleges the following as their Complaint:

### I. PARTIES, JURISDICTION, AND VENUE

1. The Plaintiff GARNER GROUP INTERNATIONAL, LLC ("Group") is a domestic limited liability company with its principal place of business located in the County of Nassau, State of New York.

2. The Plaintiff JAMES A GARNER ("Garner") was and still is a natural person who resides in and is a domiciliary of the County of Nassau, State of New York.

3. The Plaintiff DR. SALLY THOMPSON ("Dr. Thompson") was and still is a natural person who resides in and is a domiciliary of the County of Nassau, State of New York.

4. The Plaintiff DR. ERVIN V. GRIFFIN, SR. ("Dr. Griffin") was and still is a natural person who resides in and is a domiciliary of the County of Halifax, State of North Carolina.[1]

---

[1] Group, Garner, Dr. Thompson, and Dr. Griffin are collectively referred to as "Plaintiffs."

5. The Defendant THE ACADEMY CHARTER SCHOOL ("Defendant") is a State University of New York authorized charter school, with its principal place of business located in the County of Nassau, State of New York.

6. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*).

7. This Court has subject matter jurisdiction under 17 U.S.C. § 101; 28 U.S.C. § 1331 (federal questions); and 28 U.S.C. § 1338(a) (copyright).

8. This Court has personal jurisdiction over the Defendant, and venue is proper in the District under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) in that that Defendant is doing business in this District, and the acts of the infringement complained of herein occurred in this District.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c), because, *inter alia*, it is where the Defendant have sufficient contracts for the Court to have personal jurisdiction over the Defendant and/or this Court is within the District wherein all causes of action occurred.

## II.   FACTS

10. Group is a full-service consulting firm, specializing in business development, government relations, strategic consulting, and lobbying.

11. Garner is President and CEO of Group and was Chief Deputy Comptroller of Nassau County for three years until 2017, Deputy Comptroller from 2011 to 2014, and four-term Mayor of the Village of Hempstead, New York.

12. Dr. Thompson is a dedicated educator, having served the professions for over 42 years.

13. Dr. Griffin is President Emeritus of the Halifax Community College in Weldon, North Carolina and has had an over 40-year career in education.

14. In or about April 2018, Garner approached the Defendant to offer the Defendant an opportunity to expand its academic program.

15. Garner offered to create a vocational program for the Defendant for its school in the Village of Hempstead, State of New York.

16. Garner offered to create a program to permit the Defendant's high school students to obtain college credit while in high school for the Defendant's high school.

17. The Defendant requested that the Plaintiffs present to it, a plan to create a vocational program at the Defendant's High School and how the Plaintiffs proposed to implement a vocational program at the Defendant's High School.

18. Dr. Thompson researched and created an original set of ideas and proposals to establish a vocational high school program through the Defendant's High School in the Village of Hempstead. *See,* **Exhibit A**, a copy of Dr. Thompson's original presentation.

19. No other Charter School in New York had a vocational program in its high school.

20. This was a unique idea created by the Plaintiffs for the Defendant.

21. Dr. Griffin researched and created an original set of ideas and proposals to establish an early college program through the Defendant's High School in the Village of Hempstead. *See,* **Exhibit B**, a copy of Dr. Griffin's presentation. *See,* **Exhibit C**, a copy of Dr. Griffin's prospectus.

22. The Plaintiffs researched and created an original set of ideas and proposals to establish an early college program through the Defendant's High School.

23. No other Charter School outside of New York City had an early college program in its high school.

24. On or about June 27, 2018, the Plaintiffs presented the Defendant with a proposal to offer a vocational high school program through the Defendant's High School.

25. This was a unique idea created by the Plaintiffs for the Defendant.

26. On or about June 27, 2018, the Plaintiffs presented the Defendant with a novel, innovative, and original set of ideas to offer and implement a vocational high school program at the Defendant's High School, which would have made the Defendant the first Charter School in New York to have a vocational program in its high school.

27. On or about June 27, 2018, the Plaintiffs presented the Defendant with a novel, innovative, and original set of ideas to offer and implement an early college high school program at the Defendant's High School, which would have made the Defendant the first Charter School in New York to have an early college program in its high school.

28. On or about June 27, 2018, the Defendant was represented at the Plaintiffs' presentation of their novel, innovative, and original set of ideas by Barrington Goldson ("Goldson"), Wayne Haughton ("Haughton"), and others, including an attorney representing the Defendant.

29. Instead of moving forward with the project with the Plaintiffs, the Defendant created its own vocational high school at the Defendant's High School.

30. On or about February 27, 2020, the Defendant announced it was opening a vocational high school at the Defendant's High School. *See,* **Exhibit D**, a copy of the Defendant's announcement.

31. The Defendant's February 27, 2020 announcement contained specifications for the program that were substantially similar to the proposals, ideas, and conversations that the Plaintiffs had with the Defendant in or about June 2018, including:

    a. A new vocational and technical high school in Uniondale, New York for training in the culinary arts, technology, and medical fields. **Exhibit D**.

4

    b.    Goldson is quoted as saying that "[w]e want our students to realize that there are other options available to them, not just a pure college track." **Exhibit D**.

    c.    The vocational program offerings "will be extended in subsequent years to include automotive, construction and welding...." **Exhibit D**.

    d.    Students will receive at least 216 hours of vocational training, including a minimum of 54 hours of work-based training per vocational course. **Exhibit D**.

    e.    Graduates could be certified or credentials in areas including carpentry, plumbing, electrical, medical billing and coding, lab technology, computer network management or auto body design and repair. **Exhibit D**.

32.    The Defendant did not compensate the Plaintiffs for their work.

33.    The Defendant infringed upon Dr. Thompson's copyright and original ideas regarding a vocational high school at the Defendant's High School. *See,* **Exhibit A**.

34.    The Defendant misappropriated Dr. Thompson's ideas regarding a vocational high school at the Defendant's High School.

35.    Effective August 17, 2020, the United States Copyright Office registered Dr. Thompson's application entitled "A Vocational Education Extension Program" bearing Registration Number TX0008953546 / 2020-08-17. *See,* **Exhibit E**, a copy of the Registration Certificate from the Copyright Office's website.

36.    Effective August 17, 2020, the United States Copyright Office registered Dr. Griffin's application entitled "The Academy Charter School Early College High School" bearing Registration Number TX0008953534/ 202-08-17. *See,* **Exhibit F**, a copy of the Registration Certificate from the Copyright Office's website.

## III.   CAUSES OF ACTION

## AS AND FOR A CAUSE OF ACTION
## AGAINST THE DEFENDANT FOR COPYRIGHT INFRINGEMENT PURSUANT TO
## 17 U.S.C. § 101, *et seq.*

37.   The Plaintiffs re-state and re-allege the allegations contained in ¶¶ 1 through 36, as if fully set forth herein.

38.   Dr. Thompson, at all relevant times has been the owner of exclusive rights under the United States Copyright Act with respect to the Plaintiffs' presentation to the Defendant relating to the creation of a vocational high school through the Defendant's High School entitled "A Vocational Education Extension Program".

39.   Among the exclusive rights granted to Dr. Thompson under the Copyright Act are the exclusive rights to implement and use the Vocational Education Extension Program.

40.   Dr. Thompson is informed and believes that the Defendant, without permission or consent of Dr. Thompson has used the "A Vocational Education Extension Program" substantially to create a vocational high school program within the Defendant's High School.

41.   Dr. Thompson is informed and believes that the Defendant, without permission or consent of Dr. Thompson have continued to use the "A Vocational Education Extension Program" as a basis for their vocational high school program within the Defendant's High School.

42.   In doing so, the Defendant has violated Dr. Thompson's exclusive rights of use.

43.   Defendant's actions constitute infringement of Dr. Thompson's copyrights and exclusive rights under the Copyright Act.

44. Dr. Thompson is informed and believes that the foregoing acts of infringement by the Defendant constitutes the willful infringement of Dr. Thompson's rights under the Copyright Act.

45. Dr. Thompson is informed and believes that the foregoing acts of infringement by the Defendant constitutes the intentional infringement of Dr. Thompson's rights under the Copyright Act.

46. Dr. Thompson is informed and believes that the foregoing acts of infringement by the Defendant has disregarded Dr. Thompson's rights under the Copyright Act.

47. Dr. Thompson is informed and believes that the foregoing acts of infringement by the Defendant has been indifferent to Dr. Thompson's rights under the Copyright Act.

48. As a result of the Defendant's infringement of Dr. Thompson's copyrights and exclusive rights under copyright, Dr. Thompson is entitled to damages pursuant to 17 U.S.C. § 504, *et seq.*, for Defendant's infringement of the Vocational High School Plans.

49. Dr. Thompson is further entitled to her attorneys' fees and costs pursuant to 17 U.S.C. § 505.

**WHEREFORE,** the Plaintiffs demand judgment:

    (1) that Defendant pay Dr. Thompson statutory damages for each infringement of Dr. Thompson's copyright in an amount to be determined at trial;

    (2) the actual damages suffered by Dr. Thompson as a result of the Defendant's infringement of Dr. Thompson's copyrights in an amount to be determined at trial, but not less than FIVE MILLION DOLLARS ($5,000,000.00), and additional profits of the Defendant attributable to such infringement;

    (3) that the Court award judgment against the Defendant for the full costs of this Action, including reasonable attorneys' fees;

(4) that the Court Order such other, and further relief as the Court may deem just and proper; and

(5) that the Court retain jurisdiction of this Action for the purpose of enabling the Dr. Thompson in her discretion, to apply to this Court at any time for such further Orders and directions as may be necessary or appropriate for the interpretation or execution of any Order entered in this Action, for the modification of any such Order, for the enforcement of compliance therewith and for the punishment of any violation thereof.

Dated: Carle Place, New York
May 13, 2021

Austin Graff
THE SCHER LAW FIRM, LLP
One Old Country Road, Suite 385
Carle Place, New York 11514
(516) 746-5040