# THE SCHER LAW FIRM, LLP

ONE OLD COUNTRY ROAD, SUITE 385
CARLE PLACE, NY 11514

MARTIN H. SCHER*

JONATHAN L. SCHER*'

AUSTIN R. GRAFF*

TEL: 516-746-5040

FAX: 516-746-5043

W. SCOTT KERSHAW
COUNSEL

MICHAEL SCHILLINGER
COUNSEL

ROLAND P. BRINT
COUNSEL

ADAM GANG
COUNSEL

ROBERT S. NAYBERG
(1959-2012)

* Also Admitted in District of Columbia

' Also Admitted in New Jersey

March 14, 2022

**BY ECF**
Hon. Pamela K. Chen, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 4F
Brooklyn, New York 11201

Re:     Garner Group International, LLC, *et al.* v. The Academy Charter School
E.D.N.Y. Docket No. 21-cv-2690 (PKC)(AKT)

Dear Judge Chen:

This law firm represents the Plaintiffs in the above-referenced Action.

The Defendant, simultaneously with serving its responses to discovery, served the Plaintiffs a FRCP Rule 11 letter demanding: "that Plaintiffs dismiss the Complaint. If Plaintiffs refuse to do so, Defendant will seek sanctions, pursuant to Rule 11, including attorneys' fees, against you, your firm, and/or Plaintiffs. *See,* **Exhibit A** to this letter, a copy of the Defendant's March 2, 2022 letter.

After reviewing the Defendants' discovery responses, both in this case and in a separate State Action, commenced in the New York State Supreme Court, Nassau County ("State Action") filed by the Plaintiffs,[1] I consulted with the Plaintiffs regarding the Defendants' safe harbor warning to me and the Plaintiffs. I take the subject of sanctions and safe harbor letters very seriously. After consulting with the Plaintiffs and reviewing the discovery and taking into account that this Court did not dismiss this Action so that we could gather discovery, the Plaintiffs agreed to dismiss this Action with prejudice, in reliance upon my representation that the Defendants' counsel's letter stating that the Defendants would not seek attorneys' fees and sanctions.

On March 7, 2022, I communicated the Plaintiffs' agreement to withdraw this Action with prejudice to the Defendant.

---

[1] The State Action seeks relief for amongst other claims, misappropriation of ideas.

Earlier today, March 14, 2022, the Defendant's counsel communicated the Defendant's new position, contrary to their safe harbor letter, in that it refused to consent to the dismissal of this Action with prejudice unless either: (a) the Plaintiffs dismiss the State Action; or (b) the Plaintiffs pay the Defendant $30,000 in attorneys' fees. The Plaintiff has rejected both options. The Plaintiffs sees the Defendant's counsel's conduct as improper and the Defendant's conduct as extortion.

As this Court recognized in response to the Defendant's request for a pre-motion conference prior to making its Motion to Dismiss, the Plaintiff had sufficiently pled a plausible claim for copyright infringement. The Plaintiffs had a good faith basis to bring the Action and believed that through discovery, they would be able to establish their claim.

However, after obtaining discovery from the Defendant, the Plaintiffs believe they have stronger State law claims and believe dismissing this Action for copyright violation is appropriate at this time. The Plaintiffs, however, do not believe that the Defendant is entitled to attorneys' fees as a sanction for the Plaintiffs having survived a Motion to Dismiss, conducting discovery and then taking responsible action to promptly discontinue this Action after receiving discovery.

The Plaintiffs should be permitted to voluntarily dismiss this Action with prejudice and now need judicial intervention to prevent the Defendants from switching their demands, violating their safe harbor letter and going on the offensive, when we have agreed to dismiss. We request a conference call with the Court.

Thank you for your courtesies in this matter.

Respectfully submitted,

THE SCHER LAW FIRM, LLP

Austin Graff

ARG:ms
cc:     Counsel of Record (by ECF)
H:\Garner, James\Litigation\FEDERAL COURT ACTION (21-cv-02690-PKC-AKT)\Motions\3-14-2022 letter to Court.docx

# EXHIBIT A



Epstein Drangel LLP

60 East 42nd Street, Suite 2520, New York, NY 10165

T: 212.292.5390 • E: mail@ipcounselors.com

www.ipcounselors.com

March 2, 2022

**VIA EMAIL**
Austin Graff, Esq.
The Scher Law Firm, LLP
Agraff@scherlawfirm.com

      **Re:**     ***Garner Group International, LLC, et al. v. The Academy Charter School***
              **Case No. 2:21-cv-02690-PKC-ARL**

Dear Mr. Graff,

      As you know, this firm represents Defendant The Academy Charter School ("Defendant") in the above-captioned matter, and this serves as Defendant's formal demand, pursuant to Rule 11 of the Federal Rules of Civil Procedure, that you and your clients, Plaintiff Garner Group International, LLC ("Group"), Plaintiff James A. Garner ("Garner"), Dr. Sally Thompson ("Dr. Thompson"), and Dr. Ervin V. Griffin, Sr. ("Dr. Griffin") (collectively, "Plaintiffs"), withdraw the claims filed against Defendant in the above-captioned action.

      Pursuant to Fed. R. Civ. P. 11, by signing and filing a pleading, an attorney certifies, *inter alia*, that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; that the claims being advocated are "warranted by existing law"; and that the "factual contentions have evidentiary support". Fed. R. Civ. P. 11 (b). To the extent that there is any violation of Rule 11(b), it provides for sanctions against an attorney, law firm and/or a party. Here, as further set forth herein, it is clear that the Complaint violates Rule 11, and therefore, must be withdrawn.

      In the Complaint, which sets forth a singular cause of action for copyright infringement, Plaintiffs mention two (2) copyright registrations: one covering Dr. Thompson's "A Vocational Education Extension Program" (TX0008953546, Exhibit E) (the "Thompson Copyright"), and another covering Dr. Griffin's "The Academy Charter School Early College High School" (TX0008953534, Exhibit F). However, Plaintiffs then appear to only claim that a violation of the Thompson Copyright has purportedly occurred. *See* Complaint, ¶¶ 37-49. In alleging a violation, Plaintiffs nakedly assert that Defendant has "used" the Thompson Copyright (Complaint, ¶¶ 40, 41) as an alleged "basis" for Defendant's vocational high school program. Not only have Plaintiffs failed to allege any violation whatsoever of any rights possessed by Group, Garner or Dr. Griffin, but also, Plaintiffs have failed to allege any original copyrightable *text* (the only copyrightable expression covered by the Thompson Copyright) reproduced, distributed or otherwise used by Defendant that would violate Dr. Thompson's exclusive rights under 17 U.S.C. Code § 106. By a precursory reading of the Complaint, which is replete with vague allegations that lack specificity, it is clear that Plaintiffs' claim is frivolous, and lacks any evidentiary support whatsoever. Moreover, it is plain that Dr. Thompson and/or Plaintiffs are seeking to protect and enforce their

ideas, rather than the expression thereof, in direct contravention of the fundamental principle that "an idea is not copyrightable; only the expression of that idea is copyrightable." *Churchill Livingstone, Inc. v. Williams & Wilkins*, 949 F. Supp. 1045, 1113 (S.D.N.Y. 1996).

In fact, the frivolous nature of Plaintiffs' claims is made plain by a review of Plaintiffs' discovery responses. Specifically, Plaintiffs have admitted that the sole copyright at issue is the Thompson Copyright, and that the remaining Plaintiffs have no rights in the same. *See* Plaintiffs' Responses to Defendant's First Set of Interrogatories, Nos. 6, 11, and 12. Thus, Plaintiffs have conceded that Group, Garner, and Dr. Griffin all lack standing. Furthermore, when asked specifically how Defendant has infringed the Thompson Copyright, Plaintiffs have indicated that "[t]he Plaintiffs are not in possession of the documents created y Benjamin & Young, LLC, the Defendant's contractor who drafted the written materials relating to the creation of the Defendant's vocational program". However, Plaintiffs are already in possession of Benjamin & Young, LLC's drafts of applications pertaining to Defendant's CTE school, as well as the final versions thereof. Yet, Plaintiffs cannot point to a single similarity between any original text covered by the Thompson Copyright and the text of any of Defendant's documents in Plaintiffs' possession because no such similarities exist. Given the foregoing, it is apparent that Plaintiffs are, without any reasonable foundation whatsoever, on an improper fishing expedition to find support for their copyright claim when no such support exists.

Accordingly, in light of the above, it is clear that by filing the Complaint, you, your firm and Plaintiffs are advocating frivolous arguments that have no legal or evidentiary basis. Pursuant to Rule 11, Defendant hereby demands that Plaintiffs dismiss the Complaint. If Plaintiffs refuse to do so, Defendant will seek sanctions, pursuant to Rule 11, including its attorneys' fees, against you, your firm, and/or Plaintiffs.

Respectfully submitted,

**EPSTEIN DRANGEL LLP**

BY: S/ *Kerry B. Brownlee*
Kerry B. Brownlee (KB 0823)
Jason M. Drangel (JD 7204)