

March 17, 2022

**VIA ECF ONLY**
Judge Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 4F
Brooklyn, New York 11201

      **Re:** *Garner Group International, LLC, et al. v. The Academy Charter School*
            <u>Case No. 2:21-cv-02690-PKC-ARL</u>

Dear Judge Chen,

      This firm represents Defendant The Academy Charter School ("Defendant" or "TACS") in the above-captioned matter, and we are writing, on behalf of Defendant, and pursuant to Your Honor's Order dated March 14, 2022, in response to Plaintiffs' letter dated March 14, 2022 (*Docket Entry No. 26*) (the "3/14 Letter"). Defendant does not oppose the voluntary dismissal of the instant action <u>*with prejudice*</u>; however, Defendant contests Plaintiffs' requirement that the dismissal must be without costs and attorneys' fees. In other words, Defendant respectfully submits that it should be permitted to seek its costs and attorneys' fees as a prevailing party in light of Plaintiffs' refusal to pay the same, for the reasons set forth herein. Accordingly, Defendant respectfully requests that the conference requested by Plaintiffs also serve as a pre-motion conference regarding Defendant's anticipated motion for attorneys' fees and costs. Alternatively, Defendant consents to the Court's entry of a dismissal with prejudice, and to the Court's entry of a briefing schedule on Defendant's motion for attorneys' fees without a pre-motion conference.

      In the 3/14 Letter, Plaintiffs' counsel deliberately misconstrues Defendant's and its counsel's position, as set forth in Defendant's letter dated March 2, 2022 (attached to the 3/14 Letter as Exhibit A) (the "Rule 11 Letter"), and the conversations among counsel that took place on March 7, 2022 and March 14, 2022. In response to the Rule 11 Letter, Plaintiffs' counsel advised that Plaintiffs would dismiss this action with prejudice, *but without costs and attorneys' fees*. Defendant has explicitly denoted that it consents to the dismissal of this action with prejudice; however, it will not consent to the dismissal stating that it is without costs and attorneys' fees, given that it is Defendant's position that it should be entitled to its costs and attorneys' fees in light of the unquestionable frivolous nature of this action. In lieu of motion practice, and the additional costs associated therewith, Defendant presented Plaintiffs with other options (i.e., a dismissal of the pending action in state court or that Plaintiffs pay Defendant's reasonable attorneys' fees associated with this action that have been incurred to date). Plaintiffs' characterization of the foregoing as "improper" and "extortion" (3/14 Letter, p. 2) demonstrates a fundamental misunderstanding of the applicable law, and Plaintiffs' and its counsel's conduct—or more aptly described as egregious misconduct—thus far.

Pursuant to Fed. R. Civ. P. 11, by signing and filing a pleading, an attorney certifies, *inter alia*, that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; that the claims being advocated are "warranted by existing law"; and that the "factual contentions have evidentiary support". Fed. R. Civ. P. 11 (b). To the extent that there is any violation of Rule 11(b), it provides for sanctions against an attorney, law firm and/or a party. Here, the Complaint (*Docket Entry No. 1*) violated Fed. R. Civ. P. 11(b) *from its inception*. In fact, during the pre-motion conference regarding Defendant's anticipated motion to dismiss (the "Anticipated MTD") before Your Honor on November 2, 2021 ("Pre-Motion Conference"), Defendant addressed the utter baseless nature of Plaintiffs' claims. On November 22, 2021, Defendant's counsel sent Plaintiffs' counsel an email wherein Defendant's counsel specifically indicated that:

> [w]e again must demand that your client withdraw its claims post haste. This is a fishing expedition that will end with your client paying our attorneys fees. You should advise your client that a prevailing plaintiff is often awarded said fees. Please note that if the claim continues we will also pursue Rule 11 sanctions against you and your firm as there was no basis for filing this claim and now that you have seen the content used by my client – you should surely withdraw the claim.

Despite the foregoing, Plaintiffs and their counsel continued pursuing the instant action, and discovery—thereby causing Defendant to incur additional, substantial legal expenses—even though they had no basis for filing the Complaint to begin with. Defendant chose not to pursue the Anticipated MTD in an effort to save on legal costs. Even though the Anticipated MTD was never fully briefed, Plaintiffs somehow erroneously misconstrue themselves as prevailing on said Anticipated MTD, and the Court's statements during the Pre-Motion Conference as a definitive ruling that Plaintiffs had sufficiently pled a plausible claim. Regardless, whether or not Plaintiffs sufficiently pled a claim (which they did not), they certainly did not "survive" the Anticipated MTD that never came to fruition (3/14 Letter, p. 2), and whether or not they knew that there was no evidentiary basis for their claim is a separate matter.

In blatant violation of Fed. R. Civ. P. 11 (b), Plaintiffs filed a copyright infringement lawsuit against Defendant without a scintilla of proof that Defendant used any text whatsoever covered by Plaintiffs' sole copyright registration—*a registration that only covers text*—Dr. Thompson's TX0008953536 (Exhibit E to the Complaint) (the "Thompson Registration").[1] In fact, Plaintiffs' discovery responses unequivocally reveal that Plaintiffs had no factual basis for filing this lawsuit, and that through this lawsuit, they were seeking to protect and enforce ideas, which are per se uncopyrightable. *See Churchill Livingstone, Inc. v. Williams & Wilkins*, 949 F. Supp. 1045, 1113 (S.D.N.Y. 1996) ("an idea is not copyrightable; only the expression of that idea is copyrightable."); *see also Schleifer v. Berns*, 2017 U.S. Dist. LEXIS 112391, at *6 (E.D.N.Y. July 19, 2017) ("as the Second Circuit has repeatedly stated, '[i]t is an axiom of copyright law that the

---

[1] In their discovery, Plaintiffs have admitted that none of the other Plaintiffs have any rights in the Thompson Registration, and thus, have conceded that none of the other Plaintiffs except Dr. Thompson ever had standing to bring any copyright claim whatsoever.

protection granted a copyrightable work extends only to the particular expression of an idea and never to the idea itself.'") (internal citation omitted).

Now, after some discovery has taken place, and after having forced Defendant to incur significant legal expenditures defending a claim that should never have been brought, Plaintiffs' counsel has belatedly realized the error of Plaintiffs' ways and that this case must be dismissed. The fact that Plaintiffs and their counsel now seek to rectify their violation of the Federal Rules does not absolve Plaintiffs and their counsel from violating Fed. R. Civ. P. 11 (b) in the first instance.

Nonetheless, in light of Plaintiffs' intent to dismiss this action, and as Defendant's counsel has already communicated to Plaintiffs' counsel,[2] but Plaintiffs' counsel fails to acknowledge in the 3/14 Letter, absent Plaintiffs' agreement to cover Defendant's attorneys' fees, Defendant seeks to obtain its costs and attorneys' fees as a prevailing party under the Copyright Act. It is well-established that a stipulation of dismissal may render a defendant a "prevailing party" under 17 U.S.C. § 505. *See, e.g., Ninox TV Ltd. v. Fox Entm't Grp., Inc.*, 2006 U.S. Dist. LEXIS 38868 (S.D.N.Y. June 13, 2006) (finding that defendant was prevailing party once stipulation of dismissal with prejudice was filed); and *Janik v. SMG Media, Inc.*, 2018 U.S. Dist. LEXIS 4567 (S.D.N.Y. Jan. 10, 2018) (acknowledging that a stipulation of dismissal makes a party prevailing). Given Plaintiffs' complete and utter lack of any factual foundation for bringing this action, and their clear intent to protect ideas in blatant defiance of the well-established law—law that is known by any person that has taken an entry level copyright course—Defendant respectfully submits that it is entitled to seek its attorneys' fees and costs, and requests that the Court allow it to proceed with a motion for such attorneys' fees and cost. *See Schleifer v. Berns*, 2017 U.S. Dist. LEXIS 112391 (E.D.N.Y. July 19, 2017) (granting motion to dismiss, and awarding attorneys' fees when "[n]o reasonable copyright attorney, or even an attorney who had devoted 20 minutes to legal research, would have filed this complaint" and [d]espite seeing no supporting case law, plaintiff's attorneys forged onward.").

We thank the Court for its time and consideration.

Respectfully submitted,

**EPSTEIN DRANGEL LLP**

BY: S/ *Kerry B. Brownlee*
Kerry B. Brownlee (KB 0823)
Jason M. Drangel (JD 7204)

---

[2] Plaintiffs' intimation that Defendant has "switched their [*sic*] demands" and have "violat[ed] their [*sic*] safe harbor letter" once again demonstrates a complete misunderstanding of the Federal Rules and the applicable law. As Defendant's counsel denotes herein, and as it already explained to Plaintiffs, Defendant is entitled to seek its attorneys' fees and costs as a prevailing party, and Defendant never waived any such right or indicated that it would not pursue the same.